IRA P. HARRIS and C. G. HARRIS, her husband, *Appellants*, vs. SARAH N. DYAL, *Appellee*.

144 So. 654.

Opinion filed November 22, 1932.

*Doggett, McCollum, Howell & Doggett,* for Appellants;
*Fred B. Noble* and *S. S. Blondheim,* for Appellee.

PER CURIAM.—Appellant, Ira P. Harris, agreed to purchase from appellee, Sarah N. Dyal, the East Half of Section Thirty, Township Two (2) North, Range Twenty-four (24) East. The vendor owned the entire section. The purchase price for the half section was $2560.00. $1,000.00 was to be paid in cash. The delinquent taxes amounted to $743.31. When the deal was closed vendee paid the vendor $250.00 and agreed to pay the delinquent taxes on the whole section. The vendee was turned into possession. Instead of paying the taxes, vendee purchased the tax certificate on the whole section and applied for and received a tax deed to the whole section. Vendor filed a bill to cancel the tax deed on account of the fraud in procuring the same, as well as on account of defects in the assessment. The vendor also sought cancellation of the contract of sale.

The vendee breached the contract when she fraudulently procured the tax deed to the entire section. The decree of the chancellor cancelled the tax deed and required the vendee, defendant in the court below, to surrender possession of the premises to the vendor. The decree of the chancellor did not assume to cancel the alleged contract of sale and purchase.

The complainant in her bill of complaint offered to do equity. She was entitled to decree cancelling the tax

deed. The procuring of the tax deed under the conditions existing here amounted merely to a payment of taxes pursuant to her agreement with the vendor.

The only error which we observe in the decree is contained in paragraph 7 of the decree, to-wit: That the defendants herein, C. G. Harris and Ira P. Harris, forthwith deliver the possession of the property above described in this suit involved to the complainant,'' and in paragraph 8 of the decree to-wit: ''That the complainant do have and recover of and from the defendant C. G. Harris the sum of $91.50.'' The defendants in the court below were turned into possession under the sales contract and did not acquire their possession under claim of title under the tax deed. The question of possession and the right of possession under the terms of the contract may be determined in a court of law, as also may be determined the questions of damages or benefits to the property.

The decree should be reformed so as to eliminate the clauses above quoted and, when so reformed, shall stand affirmed.

When this is done the parties will stand as they were before the issuance of the tax deed with defendant in the court below in possession of the Half Section of land purchased and with the defendant in the court below having paid $250.00 cash, $743.41 as taxes, making a total of $993.41, less the amount of costs adjudged in the decree against the defendants in the sum of $258.35, leaving net amount paid $735.06 and leaving a balance due on the purchase price in the sum of $1834.94 with interest at 6% from September 29, 1928.

When the decree is modified as herein directed it shall stand affirmed as of the date thereof. It is so ordered.

Affirmed with modifications.

BUFORD, C.J., AND WHITFIELD AND DAVIS, J.J., concur.
ELLIS AND BROWN, J.J., dissent.
TERRELL, J., not participating.